**Angela ROBINSON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Walter John Cassidy, Defendants-Appellees.**

No. 16-14514

United States Court of Appeals, Eleventh Circuit.

(April 3, 2017)

Richard Errol Johnson, James Vernon Cook, Melissa Horwitz, Law Office of Richard E. Johnson, Tallahassee, FL, for Plaintiff-Appellant

Kathryn W. Drey, U.S. Attorney's Office, Pensacola, FL, Pamela C. Marsh, U.S. Attorney's Office, Tallahassee, FL, for Defendant-Appellee

Before ROSENBAUM, JULIE CARNES, and GILMAN,* Circuit Judges.

PER CURIAM:

The Federal Tort Claims Act ("FTCA") grants the federal district courts exclusive jurisdiction over damages claims against the United States arising out of personal injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *see also id.* § 2674. Although the FTCA waives the United States's sovereign immunity for these types of claims, *see JBP Acquisitions, LP v. United States ex rel. FDIC*, 224 F.3d 1260, 1263 (11th Cir. 2000), this waiver is subject to an exception: the United States cannot be held liable for harm resulting from its "discretionary function[s]." 28 U.S.C. § 2680(a).

If the discretionary-function exception applies to a claim, a federal court lacks subject-matter jurisdiction over the claim. *See Swafford v. United States*, 839 F.3d 1365, 1369 (11th Cir. 2016). In this case, the district court found that the United States was entitled to discretionary-function immunity, and the court therefore dismissed Plaintiff-Appellant Angela Robinson's negligence claim against the United States. Robinson appeals the court's dismissal of that claim.

We have thoroughly reviewed the parties' briefs, the record, and the law, and we have heard oral argument. After careful consideration, we find no clear error in the district court's findings of fact or in its application of the law on discretionary-function immunity.[1] Because the district

---

* Honorable Ronald Lee Gilman, United States Circuit Judge for the Sixth Circuit, sitting by designation.

1. At the time that the district court dismissed Robinson's claim, both the government's motion to dismiss and the government's motion for summary judgment were pending. "When a court must dismiss a case for lack of jurisdiction, the court should not adjudicate the merits of the claim." *Stanley v. C.I.A.*, 639 F.2d 1146, 1157 (5th Cir. Unit B 1981). And "[s]ince the granting of summary judgment is a disposition on the merits of the case, a motion for summary judgment is not the appropriate procedure for raising the defense of lack of subject matter jurisdiction." *Id.* Here, the briefing on the motion for summary judgment was supported by a more fully developed factual record, so we construe the United States's motion for summary judgment, insofar as it asked for a dismissal for lack of subject-matter jurisdiction, as a renewed motion to dismiss. As a result, the standards for resolving factual attacks on subject-matter jurisdiction applied. So the court was allowed

court correctly found that the United States was entitled to discretionary-function immunity, we affirm the district court's dismissal of Robinson's claim against the United States.

Robinson also appeals the district court's denial of her two motions to compel the government to comply with her discovery requests. The "district court has broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery," and we review the lower court's discovery ruling under the abuse-of-discretion standard. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Although the government's non-response would typically lead to an order compelling discovery, the motions were moot because the United States was dismissed from the suit and because the requested discovery, even if compelled, would not affect Robinson's claims under the FTCA. The district court's ruling was therefore not an abuse of discretion.

**AFFIRMED.**

to consider extrinsic evidence, such as deposition testimony and affidavits, in addition to the complaint's allegations. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009). And since the district court was required to weigh the facts instead of construing them in the light most favorable to the non-moving party, on appeal, we review the district court's findings of fact for clear error and its legal determinations *de novo*. *See id.*